UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
Sherilynn Shipman  
                Debtor.  
_____/

Chapter 7 No. 14-55498

Hon. Thomas J. Tucker

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING THE PROVISION OF FRBP 4001(A)(3)

NOW COMES Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its attorneys, Trott & Trott, P.C., and shows unto this Honorable Court as follows:

1. That Wells Fargo is a holder of a mortgage on property owned by the Debtor(s) and located at 6485 Huron St, Taylor, MI 48180 (see attached copy of loan document(s));

2. That the Debtor(s) filed Chapter 7 Bankruptcy on October 1, 2014;

3. That pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the court shall grant relief from stay for cause, including lack of adequate protection of such party in interest;

4. That pursuant to the mortgage agreement, the Debtor(s) are required to remit monthly payments to Wells Fargo currently in the amount of $1,000.40;

5. That Trott & Trott, P.C. has been informed by Wells Fargo that, the Debtor(s) has failed to remit the required payments;

6. That Wells Fargo is not adequately protected as the direct payments are not being remitted and as of November 12, 2014 the loan is eleven (11) months in default, due and owing for January 1, 2014. At the time of the default, the payment amount was $1,000.40. Payment amounts may have changed since that time;

7. That pursuant to the Statement of Intention, the subject property is to be surrendered;

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY
STE 200
FARMINGTON HILLS, MI 48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

8. That pursuant to 11 U.S.C. § 362(d)(2)(A) and (B), the Court shall grant relief from the stay if the Debtors do not have any equity in the property and the property is not necessary to an effective reorganization;

9. That the approximate market value of the subject property pursuant to Debtors Schedule A is $61,800.00;

10. Trott & Trott, P.C. has been informed by Wells Fargo that the amount due and owing as of November 12, 2014, is approximately $100,397.53;

11. That Jeff Briones, Wells Fargo Home Mortgage, Bank of America, N.A., City of Taylor Treasurer and Wayne County Treasurer may have an interest in the subject property to the knowledge and belief of Wells Fargo;

12. That no other Creditor will receive any benefit from the sale of the subject property;

13. Wells Fargo requests termination of the automatic stay of 11 U.S.C. § 362(a) to allow Wells Fargo (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and/or obtain possession of the property.

14. That in the event the automatic stay is terminated to allow Wells Fargo to commence or continue its federal and/or state law rights as to the property, and Wells Fargo deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Wells Fargo may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as the Debtor(s) should Wells Fargo seek to shorten the redemption period.

15. That pursuant to Local Bankruptcy Rule 9014-1(b)(4), attached is a copy of the proposed ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) labeled as Exhibit "1";

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY
STE 200
FARMINGTON HILLS, MI 48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

16. That in the event a hearing on this motion is held and after said hearing the Court orders submission of an order in substantial compliance with Exhibit 1, presentment of said order shall be waived;

17. Concurrence from debtor's attorney and from Chapter 7 trustee was sought by Wells Fargo's attorney's office on November 13, 2014 and concurrence was not able to be obtained from all parties.

WHEREFORE, Wells Fargo respectfully requests that the Court enter an ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) for good cause shown pursuant to 11 U.S.C. §362(d)(1) and/or (d)(2), and that the Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3); and whatever other relief the Court deems just and equitable.

Respectfully Submitted,
Trott & Trott, P.C.

Dated: November 14, 2014

/S/ Crystal Price-Buckley (P69921)
/S/ Athena Aitas (P61824)
Attorney for Wells Fargo Bank, N.A.
31440 Northwestern Hwy Ste 200
Farmington Hills, MI 48334-5422
248.642.2515
Email: EasternECF@trottlaw.com

Trott #440202B06

TROTT & TROTT, P.C.
31440 NORTHWESTERN HWY
STE 200
FARMINGTON HILLS, MI 48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>Sherilynn Shipman<br>             Debtor.<br>_____/ | Chapter 7 No. 14-55498<br><br>Hon. Thomas J. Tucker |

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3)

Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its attorneys, Trott & Trott, P.C., having filed a Motion For Relief From The Automatic Stay with respect to the property located at 6485 Huron St, Taylor, MI 48180; and the Court being in receipt of the Motion, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED that the Automatic Stay is hereby terminated as to Wells Fargo with respect to the property located at 6485 Huron St, Taylor, MI 48180 to allow Wells Fargo to commence or continue its federal and/or state law rights to the property. In the event Wells Fargo deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Wells Fargo may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as Debtor(s) should Wells Fargo seek to shorten the redemption period. This Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.